# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

GEORGE WILLIAMS v. BENEDICT COAL CORPORATION.

April 26, 1943.

Record No. 2687.

Present, All the Justices.

The opinion states the case.

*Fred B. Greear*, for the appellant.

*Pennington & Pennington*, for the appellee.

HUDGINS, J., delivered the opinion of the court.

George Williams, on March 10, 1942, sustained injuries resulting from an accident that arose "out of and in the course of" his employment. The Industrial Commission denied an award on the ground that claimant's injuries were the result of his wilful violation of one of the safety rules promulgated by the employer and known to claimant. From an order dismissing the case claimant obtained this appeal.

Claimant was employed by the Benedict Coal Corporation as a coupler, or brakeman, to assist in operating the small coal trains used in bringing coal out of the mine. One of his duties required him to change the switches controlling the movement of trains over the desired underground rails.

The switch in question was in many respects a miniature of an ordinary railroad switch used by steam railroads. The two movable rails on the switch were connected underneath by a bar called a "bridle bar" or a "bridle rod," which, in fact, is a tie-rod designed to hold the two switch rails in proper gauge. One end of this bar extends a few inches beyond the rail so that a handle or "throw" can be attached, if it is desired to use such handle in the operation of the switch. However, 22 of the switches installed in that part of the mine to which claimant was assigned were

not equipped with handle bars. Hence it was necessary to operate them by hand.

At the time claimant was injured, he had changed the switch by hand and was standing by it watching the train or "trip," composed of an engine and two empty cars, pass. After the wheels of the front car had passed over the switch, the switch rails appeared to claimant to be in such position or shape that there was danger of the second car taking another set of tracks. In order to avoid a possible wreck, claimant thrust his right hand underneath and between the rear wheels of the front car and the front wheels of the second car to pull the switch into the proper place. Before he could jerk his hand back, the front wheels of the second car caught three of his fingers and mashed them on the rail.

The safety rule which the employer contends claimant wilfully violated reads: "Switch points and sand hose must not be held over by hand under any circumstances. Defective ones must be reported to the Foreman."

The burden was on the employer to prove (1) that the rule had been adopted by it and approved by the Industrial Commission, (2) that the rule was known or should have been known to the employee, and (3) that the injury resulted from the wilful violation of the rule. See *Tyree* v. *Commonwealth*, 164 Va. 218, 179 S. E. 297.

The question presented to this court does not involve an issue of fact, as the claimant's account of the manner in which he sustained the injuries is not contradicted. Indeed, his statements to the other employees, made immediately after the accident and introduced in evidence by the employer, corroborate his testimony.

The question is whether or not the action of the claimant was a wilful violation of the safety rule.

The rule provides that "switch points * * * must not be held over by hand." This rule is explained by John Farley, the inside foreman, who states that it was the duty of claimant to throw the switch by hand when necessary, and that this was done by "jerking the top of this latch

over to the rail" before the "trip" reached the switch. This claimant did in the manner in which he was instructed to do it by his employer. Farley states that "holding this latch" means "holding this latch to keep it from flying over." There is not a scintilla of evidence tending to prove that the claimant "held" the latch.

The picture presented by all the evidence is that claimant was confronted with a situation in the nature of an emergency. The switch was properly set. A moving "trip" was passing by. The first car moved over the switch and along the desired rails. It appeared to claimant that, for some unexplained reason, the rails of the switch were not in proper place to force the second car to follow the first. The two cars were coupled together. If one car kept moving over one set of rails and the other car was switched to another set of rails, a wreck was inevitable. Confronted with this dilemma, claimant had to decide instantly whether he would permit the train to be wrecked or whether he would try to operate the switch by hand between the moving cars. He chose the latter course. The result was that the employer's property was not damaged but the hand of the claimant was permanently injured.

M. J. Cottrell, mine superintendent, testified that the only method of throwing the switches contemplated by the employer was by hand, and that the purpose of the rule was to prohibit the catching of the latches or reaching under the cars to the switches while the wheels were passing over. This may have been the employer's intention when the rules were drafted. If so, the language used does not express the meaning intended. To deliberately hold the switch points by hand is one thing, and to jerk or quickly pull the switch points by hand is quite another thing. If there is uncertainty or ambiguity used in a written instrument, it must be construed against the party using it. *Scott* v. *Goode*, 152 Va. 827, 148 S. E. 689.

The defense of wilful misconduct, or wilful violation of a well known safety rule, in order to be sustained, must be established by proof that the act was deliberately

done with knowledge that it was likely to result in serious injury, that it was done in a reckless and wanton manner in utter disregard of probable consequences, or that the act constituted an intentional violation of a known rule that was strictly enforced by the employer. Proof in the instant case falls far short of establishing any one of these elements. See *Stevely* v. *Compensation Com'r* (W. Va.), 24 S. E. (2d) 95.

The order of the Industrial Commission is reversed, and the case is remanded with the direction that an award be entered in accord with the views expressed herein.

*Reversed and remanded.*