Business Interiors, Inc.

    v.

John Timothy Sawyer

May 23, 1986

Case No. (Chancery) C-86-575

By JUDGE CHARLES R. WATERS, II

Before focusing my attention in the salient issues of this case, I wish to briefly discuss Exhibit D-1 submitted by a witness for the defendant, which purports to be a second, subsequent employment agreement containing no restrictive covenant. The court held at trial, and reiterates here, that the document was without question a forgery. Based upon the evidence before it, however, the court cannot and does not find that the document was forged by the defendant, that the defendant participated in or encouraged the forgery, or knew that the document was forged when it was presented. Not only was the forgery a crime, but a fraud was in all likelihood perpetrated on this court, and perjury may very well have been committed. In the event that any further details or evidence comes to this court (and any such evidence, if it exists, is invited) concerning the forgery, all concerned should know that this court will not treat the matter lightly.

With regard to the primary issues, the covenant in question reads as follows:

> The Independent Contractor further agrees that for a period of one year after termination of his employment, whether with or without cause, he will not on behalf of himself or on behalf of anyone engaged in a similar line of business, directly or indirectly, *solicit*

business from any of the Company's customers located in any territory serviced by him while associated with the Company and that *during such period he will not become interested in or associated directly or indirectly as principal, agent or employee with any person, firm or corporation which may solicit business from such customers.* (Italics added.)

The court finds that under the facts and circumstances of this case, the restraint contained in this case is unduly harsh and oppressive in curtailing the efforts of the defendant to earn a livelihood, and is therefore an impermissible restraint on trade; and even if the covenant is valid, the defendant is not presently in violation thereof because he has not solicited the customers of the plaintiff.

In Virginia, the enforceability of this type of restrictive covenant depends upon the facts and circumstances of each particular case, the employer has the burden of proving that the restraint is reasonable, and restrictive covenants of this nature are not favored in Virginia and must be strictly construed favorably to the employee. *Meissel* v. *Finley*, 198 Va. 577, 579 (1956); *Richardson* v. *Paxton Company*, 203 Va. 790, 794 (1962); *Pemco Corp.* v. *Rose*, 257 S.E.2d 885 (W. Va. case interpreting Virginia law). Moreover, in this case any ambiguity in the covenant must be construed against the plaintiff employer. *Worrie* v. *Boze*, 191 Va. 916, 924 (1951); *Williams* v. *Benedict Coal Corp.*, 181 Va. 478 (1943).

The time limitation in the covenant is reasonable, and from the standpoint of the plaintiff, the restraint may not be overbroad, but in order for the plaintiff to recover in this case, it must be shown that from the standpoint of the employee the restraint is reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood. *Welcome Wagon* v. *Morris*, 224 F.2d 693, 698 (4th Cir. 1955); *Richardson* v. *Paxton Company*, 203 Va. 790, 794 (1962); *Roanoke Engr. Sales* v. *Rosenbaum*, 223 Va. 548, 552 (1982).

Under the covenant in question, the defendant not only is prevented from soliciting the customers of the plaintiff, he is also prevented from taking a job with any company *anywhere in the world* which *might* solicit

any type of business from the plaintiff's customers located in the territory previously serviced by the defendant. It matters not whether the defendant himself solicits such customers, directly or indirectly, he may not earn his livelihood from working for any company which might solicit such customers, regardless of where that company may be located, even though the defendant divulges no information whatsoever concerning the business of the plaintiff.

Plaintiff urges that the word "may" in the covenant should be interpreted as "does" when the covenant is considered as a whole within the context of the surrounding circumstances. But the covenant is to be strictly construed, and the ambiguity, if any, is to be resolved against the plaintiff under Virginia law, and the court declines to stretch the plain meaning of the covenant.

Moreover, the plaintiff must prove that from his standpoint the restraint is reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest. *Welcome Wagon* v. *Morris, supra,* etc. It should not be necessary for the protection of plaintiff's business to require the defendant to reject employment with a company located, for example, in California merely because that company might solicit or decide in the future to solicit customers of the plaintiff, especially under circumstances where the defendant does not participate or have or divulge information harmful to the plaintiff. It is the opinion of this court that the covenant under consideration is far more overbroad than the covenant examined in *Richardson* v. *Paxton Company, supra.*

The plaintiff urges that this portion of the covenant should not be considered because it has not been proved that out of state companies compete with the plaintiff or that the defendant works for one. This position is rejected because the covenant nevertheless restricts the defendant's ability to obtain such employment, resulting in what the court believes to be an unreasonable restraint of trade.

Furthermore, it is the opinion of the court that the defendant, by any reasonable definition of the word has not *solicited.* While it is true that he has done some work for three of the plaintiff's customers, the covenant does not seek to prevent that. It only seeks to prevent solicitation, and the court finds as a fact that all customers for whom defendant did work solicited such

work from the defendant by approaching him first, and the defendant solicited none. Surely, if it were not so, at least one customer would have been called to testify.